The court took time to consider of their opinion, until the meeting of the court in April, 1805, when a sufficient number of the judges who heard the arguments not being present, (Trezevant, J., being sick, and Lee, J., having been elected Comptroller General of the State,) the case was, from necessity, ordered to stand over till the next meeting of the court.
November, 1806 — all the judges present. A new trial was refused. Waties, Bay, and Brevard, being those who heard the-argument, were agreed.
Brevard
The opinion of was as follows ;
In this case the jury have found sixty dollars damages for the defendant, agreeable to-the opinion of the presiding judge; and the motion here is for a new trial upon the three following grounds 1. That the discount set up was not supported by any evidence of a lawful eviction by an action at law, by which alone the plaintiff could be rendered liable, upon the covenants contained in the deed of conveyance from him to the defendant; inasmuch as there is ncr *541 express covenant on the part of the plaintiff, that he was lawfully seized in fee, and had good right and lawful authority to sell the land in question. 2. That the patent to the plaintiff must be deemed fhe elder grant, and cannot be avoided or superceded by the grant to Etrees, either in whole or in part. 3. That the verdict is illegal, as it finds damages for the defendant, for which no judgment can be given.
In support of the first ground, the counsel for the plaintiff have quoted and relied on the case of Pringle v. the Executors of Witten, reported by my brother Bay. Bay, 254. I have looked into that case, and have examined the authorities referred to therein, and several others to the same point; and 1 am of opinion the position now .insisted on cannot be maintained.
The point adjudged in the case of Pringle v. the Executors of Witten, was, that an action of covenant will lie upon a release of land in fee simple, containing a covenant that the party releasing is seized in fee of, in and to all the land, and has a geod title, for a deficiency of quantity, and defect of title, notwithstanding the plain, tiff may not have been lawfully ejected from the premises. It lias been contended, that because the conveyance of the plaintiff in the present case contains no express covenant, such as appeared in the case quoted, therefore this action cannot be maintained, unless there has been a lawful eviction, although it should appear that the plaintiff was never lawfully seized thereof, and had never a good title, or sufficient aulhority to sell the land in question : But this conclusion does not follow; and the position cannot be sustained.
A conveyance, in fee simple of land with the usual general covenants, or warranty, may not bind the seller, perhaps, to make good the precise quantity, if the boundaries are clearly described; and it should appear that it was the intention of the parties to transfer the land contained within the boundaries so described, alike known to both, and not to transfer a precise quantity, or number of acres j and if the purchaser' obtains a good title to all the land within the described limits: But, if it should appear that the seller had not a good title, or lawful authority to sell at the time of the sale, it would be strange indeed, and manifestly unjust, if the purchaser should be without a remedy until he-should he actually ejected by a recovery at law. From the nature of the transaction, and a just construction of the covenant of warranty, however generally expressed, it must be understood that the party conveying, and so warranting, does declare and undertake that he has a good title, and lawful authority to sell, and convey. [Mem. The usual warranty alluded *542 to, is expressed by these words : “ I do bind myself, my heirs, &c. to warrant, and forever defend the said premises, unto the said his heirs, <Szc., against every person lawfully claiming, or to claim the same.]
A distinction seems to have been taken by counsel in the argument reported in the case of Pringle v. the Executors of Witten, and to have been recognized by the court, which may appear to militate against the doctrine for which I contend ; but that distinction is not supported by any authority I can find. The distinction is this: That in cases of deeds which contain a covenant for peaceable enjoyment only, or a general warranty of title, the action of covenant will not lie until after eviction ; but, where the bargainer stipulates that he is lawfully seized, it is otherwise.
The case of Hayes v. Bickerstaff, in Vaughan’s Reports, 118, referred to in support of this distinction, is not in point, and affords it no ground of support, but the contrary. That was a case of covenant for quiet enjoyment. The Plaintiff had leased land from the defendant for six years, who, having a. longer term in the land himself, granted the reversion to Lenox, who entered on the plaintiff and eject.ed him. After verdict for the plaintiff judgment was arrested, because it was not shown in the replication that the plaintiff was ejected by a lawful title. The reason of the case is clear and strong. The entry of Lenox was tortious, and the plaintiff had a plain remedy against him : and it would be very unreasonable to infer a warranty of quiet enjoyment against the tortious acts of strangers. No such construction could have been made of the covenant in the case of Pringle v. the Executors of Witten. There are many authorities which show clearly, that in covenant for quiet enjoyment, the plaintiff must state, in assigning a breach, that he has been evicted by some person having a better title. 1 H. Bl. Rep. 34. 4 D. & E. 607. 3 D. & E. 584. 1 Pow. on Contr. 378. Cro. Eliz. 212. Cro. Jac. 425. Cro. Car. 5. They are all founded on the reasons already mentioned. It is necessary so to assign the breach, in order that it may appear that the expulsion, or interruption, was not by a stranger, and tortious, against whom the party expelled, or trespassed upon, may have his ‘remedy. It does not follow, that because in such cases it is necessary so to assign a breach, and show a lawful eviction, thát the pre>sent action cannot be maintained, without alleging, or proving any eviction. Even in an action for quiet enjoyment, if the disturbance-proceeds from the covenanter himself, and not írom a stranger, it is 'Unnecessary to state, or prove a lawful eviction. 1 D. &, E. 671. 2- *543 Show. 425. Cro. Eliz. 214. See 5 Vin. pl. 7, p. 156, contr. In the present case, eviction is altogether immaterial. The reason of the cases mentioned, does not apply here. The defendant in this case, does not complain of any disturbance, or interruption of quiet enjoyment. The nature of the injury for which he claims redress, is entirely different. He alleges, that the plaintiff has sold and conveyed to him, for a valuable consideration, certain land, to whieh he had not any good title, and which he had no authority to sell, assuming the right and authority to sell, and convey the same, and warranting the same. If the party injured in such a case should be without remedy until after eviction, deplorable would oftentimes be the condition of purchasers, without reliance on their title, and deterred from improving, or using the premises in question. But if covenant lies not in such case, does it follow that no other action will ? And if there be a remedy in any other form of action, the discount in this case ought to be sustained. Cannot the party maintain an action on the case for the deceit ? See Co. Lilt. 384, notes.
It is my opinion that an action of covenant is maintainable upon the usual covenants in deeds of conveyance of land in fee, (where the covenanter omits to state that he is lawfully seized,) for any defect of title, or material deficiency of quantity. The following authority supports my position : 9 Co. 60. 1 Bradshaw’s case. Covenant contained in a lease, which stated that lessor had full power- and lawful authority to demise. The objection was to the declaration, that it did not set forth what person had right, title, &c., at the time of making the lease, but only that Bradshaw had not. The court resolved that the breach was well assigned in the negative of the words of the covenant. This case does not conclude that the action will not lie on a demise, which may not contain such an express covenant as that mentioned. Such an inference would be repugnant to the principle of construction, which requires that grants and covenants shall be construed strongly against the granter, or covenanter, and in favor of the grantee and covenantee. This principle of construction is recognized by those authorities which lay it down, that if one make a lease for years, by the words demise, or grant, without any express covenant for quiet enjoying, the law will intend and make a covenant by inference on the part of the les. sor, that the lessee shall quietly hold. Cro. Eliz. 674. Fitz. N. Brev. 432, note. 1 Esp. Dig. 266. So the same words import a covenant in. law on the part of the lessor, that he has a good title. 4 Co. 80. Nokes’s case. Carth. 98. And though covenant will not lie for quiet enjoyment till the lessee has been evicted, utiles» *544 disturbed by the covenanter himself; yet if the breach were assigned, that the covenanter had no title or authority to lease, I con. ceiye the action would well lie before any eviction or disturbance of enjoyment. Breach of covenant for quiet enjoyment must be lor some act inconsistent with the covenant. 1 Esp. Dig. 273. Tn the case of a covenant in law, however, as to the right to grant or demise, action lies, though there has been no act done to cause a breach ; as where lessor was not seized, but a stranger, as was the case of Holden v. Taylor. Hob. 12. There the action was held to lie, though the lessee had never entered, and no actual expulsion had taken place.
2. 1 come now to the second question, whether the grant to the plaintiff is destroyed or impaired by the grant to Etrees 1
The act of assembly of 1785, P. L. 400, is so positive and clear, that it precludes the necessity of any discussion of the point. The act declares, “ that a person making a survey of land shall be allowed six months from the time of making such survey, to obtain a grant for the said land, arid in default of obtaining a grant within that time, that any person may at the expiration thereof apply for and obtain a grant for the said land on payment for it; and that any grant obtained within six months from the time of its being surveyed, except by tfie person for whom it was surveyed, shall be ipso facto null and void.”
In this case it appears that Etrees’ location, or survey, was prior to the plaintiff’s, and that Etrees obtained his grant within six months from the time ofmaking his survey : therefore the plaintiff’s grant for so much of the laud as is covered by Ettees, is null and void. This construction is unavoidable, and does not. impeach or impair the plaintiff’s grant by extrinsic or inferior evidence ; but the evidence to impair and limit the operation of his grant, arises from the inspection of his grant itself, compared with the grant to EtreeSi The grant of Etrees is as high evidence, and imports equal verity with that of the plaintiff; and the only question to be determined by the inspection and comparison of them is their validity and prio. rity, as in other cases of conflicting patent rights.
3. The last point to be considered is the legality of the verdict, which finds a sum by way of damages for the defendant. Our discount law is more extensive than the English statutes of setoffs. 2 Geo. 2, arid 8 Geo. 2. It not only allows the defendant to give' in evidence by way of discount any cause, matter, or thing, having respect to the cause of action, but makes it lawful, if the plaintiff is found to be indebted to the defendant, for the defendant to enter up *545 judgment for the defendant with costs of suit, and to take out execution against the plaintiff, which strongly implies that the judgment and execution shall be for so much as the plaintiff shall appear to be indebted, as well as for the costs of suit; for it was lawful for the defendant to enter up judgment for the costs where be prevailéd in the action.
Upon the whole, my opinion is, that there has not been shown, sufficient legal cause to authorise the court to set aside the verdict j, and, therefore, that the motion for a new trial ought to be dis« qharged.
Motion discharged.
¡¡Vote. In the case of Frost, et. al. v. Raymond, 2 Caines, N. Y. T. R. 188, the action was for breach of an implied covenant, and plaintiff declared that defendant in consideration of seven hundred and fifty dollars, did grant, bargain, pell, alien, and confirm, to the plaintiffs, in fee, the land inquestion with an averment, that defendant had no estate. -• otion, after verdict for plaintiff, in arrest of judgment; objection was that the words did not import a covenant, and thegrauting afee is net a warranty of seizin. It was contended that the consideras-' tion paid, implied a warranty, that the bargainer had a title to sell.
Per cur. There was no implied covenant of title. The rule of the civil lav» js, that every person who, for valuable consideration, conveys land as his own, is held to warrant the title, or to render baeu the money on failure of title. By the feudal law, incase of eviction, the lord Was to restore another fee oí equaj value, or the price in money. But not settled whether investiture alone, without apy express promise, entitled the tenant to an equivalent in case of eviction. Vide Butler’s note, Co. Litt. 36. By the Common law, upon a sale without warranty, of either real or personal estate, and without deceit, the pu.chasei: takes the soundness and quality of them at his peril. The maxim caveat emptor, applies equally to lands and chattels. Lands may be conveyed without any warranty, express or implied. A conveyance in fee does not ipso facto imply a warranty. Co. Litt. 6 a 332. 2 Cro. 196 1 Salk 211. Doug. 654. 6 D. and E. 606. 2 B. and P. 26. If one sell land, affirming he has a good title, -when he knew he had not, deceit will lie. Com. Dig. tit. Action for Deceit. 1 Fonbl. 366. Deii creates a warranty — concessi not, 2 Just 276, 4 Co. 81. 2 B. C«m. 300, except m alease fo. years. Co. Litt 384. The distinction between give and grant, founded on feudal and technical reasons, but it clearly exists. The words grant, enfeoff, do not import a covenant in law, except as to an estate for years — not as to an estate in fee 5 Co. 17. Bac. tit. Covenant, Warranty. Co. Litt. 332 The word warranlizo creates a warranty in deeds9 but neither defendere, nor acquitare, do.
Quere as to eviction. hether covenant will lie upon a warranty in deed, or in law, in case of eviction of a freehold, as the recompense is personal — whether plaintiff must not have recourse to his warrantee ckartee, or voucher ? See 5 Bac 441. See 1 Wms. Mass. Rep. 464. Emerson v. Proprietors. Action of covenant for a warranty of land — a personal covenant warrants to defendant the title upon eviction by an elder and better title — like a covenant for quiet qgs, j oyment,